RESOLUCIÓN
El 28 de enero de 2014, la Asociación de Periodistas de Puerto Rico, el Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club (Asociación de Periodistas y otros) comparecieron ante nos mediante una “Petición especial de autorización para el uso de cámaras fotográficas y equipo audiovisual en procesos judicial al amparo de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico y el poder inherente y constitucional de la Rama Judicial para regular sus procedimientos”. Solicitaron que autoricemos la grabación y transmisión por cámaras fotográficas y equipo audiovisual de la vista de sentencia pautada para el 6 de febrero de 2014 en el caso Pueblo v. Casellas Toro.
Su petición reseña la enmienda al Canon 15 de Etica Judicial, 4 LPRA Ap. IV-B, y cómo la Rama Judicial ha tomado medidas afirmativas que hacen viable el acceso de los ciudadanos a los desarrollos de los procesos judiciales mediante una cobertura más amplia de estos procesos. Una vez más, los gremios periodísticos identifican como logros de esta iniciativa la autorización del uso de cámaras fotográficas y de equipo audiovisual en la Sala de Recursos Extraordinarios del Centro Judicial de San Juan, así como la transmisión en vivo del acto de lectura de sentencia en el caso Pueblo v. Malavé Zayas. Véase ASPRO et al., Ex parte I, 189 DPR 769 (2013). Por último, aducen que la petición se presenta oportunamente.
*186 Por otro lado, el Sr. José Cancela, presidente y gerente general de Telemundo de Puerto Rico, compareció mediante una misiva en la cual solicita que se le permita ac-ceder a la sala con sus cámaras y equipo para poder trans-mitir en vivo la vista de sentencia. Fundamenta su petición en lo exitosa que han sido las iniciativas recientes de transmitir procedimientos judiciales.
Examinadas ambas peticiones, se autoriza, a modo de excepción, la cobertura y transmisión de la referida vista de sentencia según el procedimiento dispuesto a continuación.(1) Resulta determinante el hecho de que estamos en una etapa procesal avanzada, donde ya el Jurado deliberó y adjudicó la responsabilidad penal del Sr. Pablo Casellas Toro. También pesa en nuestra decisión el hecho de que la transmisión de la vista de sentencia en el caso Pueblo v. Malavé Zayas transcurrió sin inconvenientes y que el derecho a un juicio justo e imparcial no se vio afectado.
La grabación y transmisión en vivo de la vista se hará a través de un sistema portátil que la Oficina de Prensa y Relaciones con la Comunidad de la Oficina de Administra-ción de los Tribunales (Oficina de Prensa) ha adquirido recientemente para este tipo de transmisión. Este equipo permite la instalación de cámaras de video en las salas de los tribunales y la transmisión remota de las imágenes captadas por estas a los distintos medios de comunicación. El Director de la Oficina de Prensa, el Sr. Daniel Rodríguez León, estará encargado de coordinar todo lo relacionado con la grabación y transmisión en vivo de la vista de sen-tencia mediante este sistema remoto. Todos los interesados deberán coordinar con el señor Rodríguez León para obte-ner acceso remoto a la transmisión en vivo de la vista.
*187 Por otra parte, para asegurar la solemnidad y el decoro del proceso judicial, se permitirá únicamente la entrada de dos cámaras de fotografía operadas por representantes de medios de prensa escrita o digital (Internet). El Director de la Oficina de Prensa seleccionará a los medios que podrán tomar fotografías dentro de la sala mediante un sorteo. Para regular el uso de cámaras fotográficas, extendemos excepcionalmente el Reglamento del Programa Experimental para el Uso de Cámaras-Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales (Reglamento). Los gremios pe-riodísticos deberán regirse por las disposiciones pertinen-tes de este Reglamento, siempre y cuando no sean contra-rias o incompatibles con lo aquí dispuesto. No se permitirá tomar fotografías mediante el uso de equipo electrónico adicional.
También se permitirá, sujeto a las restricciones impues-tas en el Canon 15, supra, y en el Reglamento:
1. El uso de grabadoras de audio portátiles sujeto a que su operación sea discreta y silenciosa.
2. El uso de computadoras portátiles, teléfonos celula-res, tabletas, entre otros dispositivos electrónicos o equipo similar, para recopilar y transmitir información escrita a través del Internet, siempre que no interfiera con el pro-ceso judicial, su operación sea silenciosa y discreta, y no se utilicen para fotografiar, grabar imágenes o audio, ni para radiodifundir ni televisar.
Respecto a la petición particular de Telemundo de Puerto Rico de que se le permita utilizar sus cámaras y equipo para realizar la transmisión, esta entidad podrá co-ordinar con el Director de la Oficina de Prensa para obte-ner acceso remoto a la transmisión en vivo de la vista.
Recordamos a los medios de comunicación que, por la solemnidad del proceso judicial, deben ceñirse estricta-mente a las disposiciones del Reglamento que apliquen y a lo aquí dispuesto.

*188
Publíquese y notifíquese por teléfono, electrónicamente, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Estrella Martínez emitió un voto particular de conformidad, al cual se unió el Juez Presidente Señor Hernández Denton. La Jueza Aso-ciada Señora Pabón Charneco y el Juez Asociado Señor Feliberti Cintrón otorgarían un término de veinticuatro horas para que las partes se expresen sobre lo que solicitan los peticionarios. El Juez Asociado Señor Rivera García hizo constar la expresión siguiente:
El Juez Asociado Señor Rivera García proveería “no ha lugar” a la solicitud de los peticionarios por las razones que expresó en su voto particular disidente en ASPRO et al., Ex parte II, 189 D.RR. 838 (2013). La petición presentada por los grupos periodísticos queda fuera del alcance de la enmienda que aprobamos al Canon 15 de Ética Judicial, 4 L.P.R.A. LPRA Ap. IV-B, y del Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los procesos Judiciales, In re C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424 (2013). En aquel momento, la decisión unánime de esta Curia fue establecer un programa experimental exclusivo para las salas de recursos extraordinarios del Centro Judicial de San Juan. Conforme a lo allí dispuesto, al final de ese periodo —el cual culmina en julio de 2014— el Tribunal deberá evaluar exhaustivamente la efectividad del uso de los referi-dos equipos. Por lo tanto, resulta prematura cualquier solicitud para ampliar lo que autorizamos mediante la referida resolución, sin antes contar con el beneficio de una evaluación de ese periodo experimental.
La Jueza Asociada Señora Fiol Matta no intervino. La Juez Asociada Señora Rodríguez Rodríguez no interviene.
(.Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo

 A diferencia de la solicitud presentada con relación a la lectura del veredicto en el caso Pueblo v. Casellas Toro —véase ASPRO et al., Ex parte I, 190 DPR 82 (2014)—, contamos con tiempo suficiente para que la Oficina de Prensa y los medios de comunicación coordinen ordenadamente toda la logística necesaria para este tipo de transmisión.